# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KIMBERLY THURSTON,

          Plaintiff,

v.                                        Case No. 8:21-cv-2369-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

          Defendant.

_____/

## OPINION AND ORDER[1]

## I.   Status

Kimberly Thurston ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of fibromyalgia, endometriosis and related issues, high blood pressure, depression/anxiety, chronic pain, asthma, herniation of the lumbar, thoracic, and cervical discs with radiculopathy, sacroiliac joint pain, and an abscess. Transcript of

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed January 13, 2022; Reference Order (Doc. No. 18), entered January 14, 2022.

Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed January 13, 2022, at 71, 84, 105, 120, 268, 301.

On September 26, 2019, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of April 1, 2015. Tr. at 237-40, 244-45 (DIB).[2] The applications were denied initially, Tr. at 70-82, 96, 98, 100, 146-52 (DIB); Tr. at 83-95, 97, 101, 103, 153-59 (SSI), and upon reconsideration, Tr. at 119-33, 134, 136, 138, 162-74 (DIB); Tr. at 104-18, 135, 139, 141, 175-87 (SSI).[3]

On November 2, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] See Tr. at 34-69. On December 24, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-28.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her counsel in support of the request. Tr. at 4-5 (Appeals Council exhibit list and order), 230-32 (request for review), 351-52 (brief). On August 12, 2021, the Appeals Council denied Plaintiff's

---

[2]    The actual and protective filing date for both the DIB and SSI applications is listed in the administrative transcript as September 26 or 27, 2019. Tr. at 70, 120, 237, 244 (DIB), 83, 105, 237 (SSI).

[3]    Some of the cited documents are duplicates.

[4]    The hearing was held via videoconference with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 36-37.

request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On October 7, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues: 1) "the ALJ's use of lack of objective evidence to reject [Plaintiff's] allegations of disabling pain was improper in this case involving pain from fibromyalgia"; and 2) "the ALJ's use of daily activities to reject [Plaintiff's] testimony was improper in this case." Plaintiff's Memorandum of Law (Doc. No. 19; "Pl.'s Mem."), filed March 15, 2022, at 17, 22 (emphasis and capitalization omitted). On June 9, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") responding to Plaintiff's contentions. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in

---

[5]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-28. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 1, 2015, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, fibromyalgia, and anxiety." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§]
> 404.1567(b) and 416.967(b) except [she] can lift 20 pounds
> occasionally and 10 pounds frequently; she can stand, walk, and/or
> sit each for six hours in an eight-hour workday; she can occasionally
> stoop, crawl, and climb ladders, ropes, or scaffolds and frequently
> balance, kneel, crouch, and climb ramps or stairs; the individual
> should avoid concentrated exposure to extreme cold, fumes, odors,
> dusts, gasses, and pulmonary irritants; [Plaintiff] is limited to
> simple and repetitive tasks; she can have frequent interaction with
> supervisors and coworkers and occasional interaction with the
> public.

Tr. at 21 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "stocker" and an "administrative clerk." Tr. at 26 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 27-28. After considering Plaintiff's age ("32 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 27, such as "Marker," "Router," and "Mail sorter," Tr. at 27-28 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from April 1, 2015, through the date of th[e D]ecision." Tr. at 28 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred first in addressing her alleged disabling pain from fibromyalgia, and second in relying on her daily activities to find she is not as limited as she suggests. Pl.'s Mem. at 17-25. Responding, Defendant contends the ALJ properly considered Plaintiff's fibromyalgia in accordance with the applicable Social Security Ruling ("SSR") and binding and persuasive legal precedent, and the ALJ properly discussed Plaintiff's daily activities as one factor in the determination of her subjective complaints. Def.'s Mem. at 3-10. The issues are related and are addressed together.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and [his or] her doctors."

Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)). The Regulations provide that an ALJ "will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[6]

---

[6] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in

(Continued…)

Particularly related to fibromyalgia, SSR 12-2p "provides guidance on how the [Administration] develops evidence that a person has a medically determinable impairment of fibromyalgia and how it evaluates fibromyalgia in disability claims." Sorter v. Soc. Sec. Admin., Comm'r, 773 F. App'x 1070, 1073 (11th Cir. 2019) (citing SSR 12-2p, 2012 WL 3104869). "If objective medical evidence does not substantiate the [claimant's] statements about the intensity, persistence, and functionally limiting effects of symptoms, [the Administration is to] consider all of the evidence in the case record, including the [claimant's] daily activities, medications or other treatments the [claimant] uses, or has used, to alleviate symptoms; the nature and frequency of the [claimant's] attempts to obtain medical treatment for symptoms; and statements by other people about the [claimant's] symptoms." SSR 12-2p at *5.

Here, the ALJ complied with the relevant SSRs and Regulations regarding Plaintiff's subjective complaints of pain before ultimately finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence of record." Tr. at 22. In support, the ALJ

---

the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

stated that Plaintiff "has described daily activities and exhibited behavior that is inconsistent with [Plaintiff's] allegations of disabling symptoms and limitations," and "the medical records do not completely corroborate her statements and allegations regarding her impairments and resultant limitations." Tr. at 22.

As for daily activities, the ALJ noted that despite Plaintiff's symptoms, she "reported that she helped care for a dog, set alarms on her phone, prepared simple meals, cleaned, did laundry, washed dishes, drove a car, shopped in stores and by computer, watched television and movies, played games, socialized with others, and had no problems getting along with authority figures." Tr. at 22 (citing Ex. 4E, located at Tr. at 291-99). The ALJ also observed that "medical records indicate that [Plaintiff] maintained her own personal care, washed dishes, did laundry, cooked, took out the trash, managed her own finances, ordered items from a delivery service, and went grocery shopping." Tr. at 22 (citing Ex. 7F/3; 8F/3, located at Tr. at 583, 589). Despite Plaintiff's contentions to the contrary, these findings are supported by substantial evidence. The ALJ properly considered the daily activities, along with the other evidence in the file, in assessing the subjective complaints of pain.

The ALJ also adequately addressed Plaintiff's fibromyalgia. The ALJ recognized Plaintiff had been diagnosed with it and specifically considered

whether Plaintiff met or equaled a listing because of it, citing SSR 12-2p. Tr. at 19. Later in the Decision, the ALJ repeatedly referred to the fibromyalgia when discussing the medical evidence, specifically observing "multiple tender points, muscle spasms, [and] an impaired gait," among other issues that could be caused by Plaintiff's various impairments. Tr. at 24 (citations omitted). The ALJ also made findings about a lack of objective evidence, but this was not done in a vacuum—Plaintiff has impairments other than fibromyalgia that the ALJ was addressing as well. See Tr. at 24-25. In sum, the ALJ adequately considered the matters set forth in SSR 12-2p, along with the rest of the evidence, in determining that Plaintiff's fibromyalgia and other impairments are not as limiting as she alleges.

## V.   Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 29, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record